UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSWELL PARK COMPREHENSIVE CANCER CENTER; CANDACE JOHNSON, Ph.D, in her individual and professional capacities; REINER BRENTJENS, M.D., Ph.D, in his individual and professional capacities; CARL MORRISON, M.D., DVM, in his individual and professional capacities; JOHN KANE III, M.D., in his individual and professional capacities; and ERROL DOUGLAS, Ph. D., in his individual and professional capacities,<br><br>     Movants,<br><br>  - against -<br><br>ANNE GRAND'MAISON, M.D.,<br><br>     Defendant. | **ORDER**<br><br>23 Misc. 243 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

    In this miscellaneous action, Roswell Park Comprehensive Cancer Center, Health Research Inc., Candace Johnson, Reiner Brentjens, Carl Morrison, John Kane III, and Errol Douglas (the "Movants") and non-parties The Medical College of Wisconsin, Saul Suster, and Kaleida Health (the "Non-Parties") move to quash seventeen identical subpoenas served by Anne Grand'Maison. The subpoenas were served in connection with an employment discrimination action pending before the United States District Court for the Western District of New York, Grand'Maison, M.D. v. Roswell Park Comprehensive Cancer Center et al. No. 23 Civ. 99 (JLS) (MJR). (See Movants Br. (Dkt. No. 16)) In the alternative, Movants and Kaleida Health seek to transfer their motions to quash to the Western District of New York, pursuant to Fed. R. Civ. P.

45(f).[1] For the reasons stated below, the motions to quash will be transferred to the Western District of New York.

## BACKGROUND

On January 31, 2023, Grand'Maison filed a complaint against Movants in the Western District of New York. Grand'Maison, M.D. v. Roswell Park Comprehensive Cancer Center et al., No. 23 Civ. 99 (JLS) (MJR), Dkt. No. 1 (W.D.N.Y. Jan. 31, 2023). On June 26, 2023, Grand'Maison served seventeen identical subpoenas on certain non-party hospitals and doctors. (Ward Decl. (Dkt. No. 15) ¶¶ 2, 4)[2] Notices of the subpoenas were filed in the Western District of New York, but the subpoenas direct compliance in the Southern District of New York. (See Ward Decl., Exs. C-S (Dkt. Nos. 15-3-15-19); Zawodzinski Decl. (Dkt. No. 31) ¶¶ 18, 19) The subpoenas seek, inter alia, "all documents [and] communications . . . related to the allegations in the [Complaint]." (See, e.g., Ward Decl., Ex. C ("Roswell Park Subpoena") (Dkt. No. 15-3) at 8)

The instant action was assigned to this Court on July 31, 2023. On July 27, 2023, Movants moved to quash the subpoenas and requested that their motions to quash be transferred to the Western District of New York. (Movants Br. (Dkt. No. 16) at 19-23) Movants contend that the "exceptional circumstances" required for a transfer under Fed. R. Civ. P. 45(f) are

---

[1] In their joint brief, The Medical College of Wisconsin and Saul Suster move to quash the non-party subpoenas. (See Dkt. No. 7) Although these parties have not sought to transfer their motion to quash to the Western District of New York – given the other pending motions to transfer – this Court will consider sua sponte whether their motion to quash should likewise be transferred pursuant to Fed. R. Civ. P. 45(f). See Full Circle United, LLC v. Bay Tek Ent., Inc., 581 F. Supp. 3d 523, 524 (S.D.N.Y. 2022) (transferring, sua sponte, a motion to compel compliance with a subpoena).

[2] The page numbers of documents referenced in this order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

present here because (1) "the motion[s to quash] involve[] complex discovery issues already being managed by Judge Roemer" (id. at 20-22); (2) non-parties would not be burdened by a transfer (id. at 22); and (3) "the interests of justice and judicial efficiency" weigh in favor of transferring the motions to quash. (Id. at 23). The Medical College of Wisconsin and Saul Suster moved to quash the non-party subpoenas on July 25, 2023 (Dkt. No. 7), and Kaleida Health moved to quash or transfer the pending motions to quash to the Western District. (Kaleida Br. (Dkt. No. 32)) Grand'Maison does "not oppose the transfer request(s)." (Pltf. Omnibus Opp. to Movants and Wisconsin Mot. (Dkt. No. 25) at 30; Pltf. Opp. to Kaleida Mot. (Dkt. No. 46) at 23)

## DISCUSSION

### I.  LEGAL STANDARDS

Motions to transfer subpoena-related applications are governed by Rule 45(f) of the Federal Rules of Civil Procedure, which provides as follows:

> When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.

Fed. R. Civ. P. 45(f).[3]

The advisory committee's note to the 2013 amendment to Rule 45(f) acknowledges that, even in the absence of consent,

> transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery

---

[3] As to the third-party recipients of the subpoenas, the record is largely silent as to whether they consent to the transfer. (See Movants Reply (Dkt. No. 27) at 8-9) Only subpoena-recipient Kaleida Health has affirmatively moved to transfer. (Kaleida Br. (Dkt. No. 32)) Given that the other subpoena recipients have not stated a position as to the transfer motions, this Court considers whether "exceptional circumstances" exist justifying transfer. See Fed. R. Civ. P. 45(f).

3

in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee note to 2013 amendment.

Although this Court did not issue the subpoenas at issue, "it is within the discretion of this Court, where compliance is required, to ultimately decide whether to transfer a subpoena-related motion." SBA Commc'ns Corp. v. Fractus, S.A., No. 19-MC-00130 (ER), 2019 WL 4879333, at *1-2 (S.D.N.Y. Oct. 3, 2019). Subpoena-related motions are often transferred where the issuing court "is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action," see id. at *1, where "[the issuing] court has already set out a discovery schedule in . . . the underlying action," see Google LLC v. Fortress Inv. Grp. LLC, No. 20-MC-132 (KPF), 2020 WL 1304039, at *1 (S.D.N.Y. Mar. 18, 2020), and where "the interests of justice and judicial efficiency" are best served by transfer. See Stanziale v. Pepper Hamilton LLP, No. M8-85 (CSH), 2007 WL 473703, at *6 (S.D.N.Y. Feb. 9, 2007).

## II. ANALYSIS

Movants and Kaleida argue that there are "exceptional circumstances" that warrant transfer of the motions to quash to the Western District of New York. (Movants Br. (Dkt. No. 16) at 19-23; Kaleida Br. (Dkt. No. 32) at 23-27)

As noted above, the underlying litigation is pending in that district. On February 1, 2023, the case was assigned to District Judge John L. Sinatra, and on March 29, 2023, Judge Sinatra referred the case to Magistrate Judge Michael J. Roemer for pre-trial supervision. Grand'Maison, M.D. v. Roswell Park Comprehensive Cancer Center et al., No. 23 Civ. 99 (JLS) (MJR), Dkt. No. 12. On March 29, 2023, Judge Roemer conducted an initial conference, and on May 3, 2023, he entered a case management plan providing for a fact discovery deadline of

December 29, 2023.  Id. at Dkt. No. 21.  Judge Roemer later extended that deadline to March 28, 2024.  Id. at Dkt. No. 42.  Movants and Kaleida represent that the "76-page complaint contains highly technical allegations," that "[d]iscovery is expected to be intensive and complicated," and that "Judge Roemer will play a pivotal role in resolving discovery disputes similar to the instant motion[s]."  (Movants Br. (Dkt. No. 16) at 21; see also Kaleida Br. (Dkt. No. 32) at 25)

Given these circumstances, Judge Roemer is "best positioned" to decide the issues posed by the pending motions to quash.  Full Circle United, LLC v. Bay Tek Ent., Inc., 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022) (transferring motion to compel where discovery was "complex[ ]" and had "been ongoing in the [the Eastern District of New York] since the discovery schedule was set in September 2020"); see also Jackson-Mau v. Nature's Bounty Co., No. 21-MC-3 (AJN), 2021 WL 619726, at *1 (S.D.N.Y. Jan. 12, 2021) ("Because this subpoena relates to ongoing litigation before Judge Block and Magistrate Judge Scanlon in the Eastern District of New York, the Court determines that they are significantly better suited to decide this matter.") (citing SBA, 2019 WL 4879333, at *2).

Moreover, it does not appear that transferring the motions to quash to the Western District of New York would impose a burden on the third-party subpoena recipients.  See Fed. R. Civ. P. 45(f) advisory committee note to 2013 amendment (stating that Rule 45(f)'s "prime concern" is to "avoid[] burdens on local nonparties subject to subpoenas").  Of the seventeen non-parties served with subpoenas, only three are located in the Southern District of New York.  (Movants Br. (Dkt. No. 16) at 9; Kaleida Br. (Dkt. No. 32) at 26)  Moreover, non-party subpoena-recipient Kaleida has moved to transfer.  (See Kaleida Br. (Dkt. No. 32) at 22-23, 26 ("Because Kaleida is located and transacts business in the Western District of New York . . . transfer would alleviate Kaleida . . . from trave[l]ing to and participating in any oral argument in

the Southern District on its motion.")); see also Stanziale, 2007 WL 473703, at *5 (granting transfer motion where "the nonparty in the dispute . . . expresses a preference for the [court handling the underlying action]"))

In sum, the "interests of justice and judicial efficiency are best served" by transferring the motions to quash to the Western District of New York. Full Circle United, 581 F. Supp. 3d at 525.

## CONCLUSION

The motions to transfer submitted by Movants and Kaleida are granted. The Clerk of Court is respectfully directed to transfer this case to the Western District of New York, where Grand'Maison, M.D. v. Roswell Park Comprehensive Cancer Center et al. No. 23 Civ. 99 (JLS) (MJR) is pending. The Clerk of Court is further directed to terminate the motions (Dkt. Nos. 5, 14, 30) and to close this case.

Dated: New York, New York
January 2, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge